UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

STEVANO JAVED GAYLE,

                Petitioner,

    -against-

ANA BERMUDEZ, Commissioner of
NYC Department of Probation, and Eric
Schneiderman, Attorney General of New
York,

                Respondents.

-------------------------------------------------x

**MEMORANDUM AND ORDER**
1:15-cv-7108(FB)

*Appearances:*
*For the Petitioner*
NANCY ELLEN LITTLE
The Legal Aid Society
120-46 Queens Blvd.
Kew Gardens, NY 11415

*For the Respondents*
RICHARD A. BROWN
JOHN M. CASTELLANO
JOHNNETTE TRAILL
RANJANA C. PIPLANI
District Attorney, Queens County
125-01 Queens Boulevard
Kew Gardens, New York 11415

**BLOCK, Senior District Judge:**

    Petitioner Stevano Gayle seeks to challenge his state court conviction for

criminal sale of marijuana under 28 U.S.C. § 2244(d)(1). Because his petition is

untimely, it is dismissed.

## I

    Gayle was born in Jamaica on October 17, 1981 and entered the United States as

a legal immigrant on September 30, 1996 at the age of 14. On August 12, 2010, he was

indicted in New York state court for seven counts of criminal sale of marijuana in the third-degree and eight counts of criminal sale of marijuana in the fourth-degree. On November 4, 2010, he appeared before the Honorable Robert Kohm at the Supreme Court of the State of New York, County of Queens, and pleaded guilty to one count of the indictment: criminal sale of marijuana in the third degree, P.L. § 221.45, a class E felony. He was represented by appointed counsel Sally Butler. During the plea hearing, the possible immigration and deportation consequences of the plea were not discussed. On December 16, 2010 Gayle was sentenced to 5 years probation.

On September 12, 2014, Gayle was served with a notice to appear before an immigration judge for a removal hearing. His underlying conviction made deportation automatic and mandatory. At the time he filed his petition, these proceedings were ongoing, and Gayle was in custody of the Department of Homeland Security in New Jersey.

On April 9, 2015, Gayle initiated state court post-conviction proceedings by filing an C.P.L. § 440.10 motion, seeking vacatur of his conviction on ineffective assistance of counsel grounds. *Strickland v. Washington*, 466 U.S. 668 (1984). He claimed that Butler never discussed the immigration and deportation consequences with him before he pleaded guilty, and that he would have rather taken his chances at trial if he knew that his plea would result in his mandatory deportation. *See Padilla v.*

*Kentucky*, 559 U.S. 356, 369-70 (2010) (failure to advise defendant that his guilty plea subjected him to automatic deportation is constitutionally deficient performance under *Strickland* standard). He alternatively argued that Butler was ineffective in not securing a more favorable plea that did not result in mandatory deportation.

In opposition, the government submitted an affidavit by Butler swearing that she did discuss these consequences with Gayle before his plea, and that she tried to negotiate a more favorable plea, but such a plea was unavailable. Butler recalled "advising Mr. Gayle that under these circumstances, the proposed disposition would result in his automatic and mandatory deportation." Butler Affirmation ¶ 7. She stated that she had "a clear recollection of sitting in the courthouse with Mr. Gayle explaining his choices and the possible consequences of those choices, including that he would face mandatory deportation as a result of this plea disposition," and that, "[a]t that time, defendant acknowledged that he fully understood these consequences." *Id.* ¶ 8. She also recalled advising him to accept the government's plea offer, "after discussing the immigration consequences, the strength of the case and available defenses with Mr. Gayle, and [explaining] that if he proceeded to trial he would expose himself to substantially more jail time on this multiple-count indictment and still be subject to mandatory deportation[.]" *Id.* ¶ 9.

The government also submitted Gayle's "Waiver of Right of Appeal and Other Rights," which included the following paragraph:

> **6. Immigration and Deportation Consequences:** I also understand that if I am not a U.S. citizen, my plea may result in my deportation, exclusion from admission to the U.S., or denial of naturalization, and I wish to enter into the plea agreement notwithstanding any immigration or deportation consequences. I understand that my plea and sentence will stand as valid notwithstanding any immigration or deportation consequences.

Pet.'s Waiver ¶ 6 (emphasis original). This waiver was signed by both Gayle and Butler.

On June 11, 2015, the court denied Gayle's motion. It found that Gayle's allegations were conclusory and insufficient, and that Butler's affidavit was "the more likely one" because it was "the more factually substantive affidavit," and because "defendant did not object or raise any concerns about the" immigration and deportation language in his plea. State Court Decision at 5. The court also held that Butler's failure to negotiate a more favorable plea deal was not ineffective assistance of counsel because "[o]btaining a sentence that imposed merely probation for a charge that carried a potential of ten and a half years imprisonment cannot be said to be egregious and prejudicial error that deprived the defendant of meaningful representation.," *id.*, and that his allegation that a better plea was available was "unsupported by any evidence that the people would have been amenable to such a plea, *id.* at 6.

On July 13, 2015, Gayle sought leave from the Appellate Division to appeal the

lower court's decision. On October 7, 2015, the Appellate Division denied his application. On December 14, 2015, he petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from the latest of" four dates, of which two are relevant here: "[T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *id.* § 2244(d)(1)(A), and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D).

Gayle did not seek direct review of his judgment, so it became final January 16, 2011, 30 days after his December 16, 2011 sentence. *See Jenkins v. Farrell*, 2009 WL 1616008, at *2 (S.D.N.Y. June 9, 2009) (time to appeal in state court expires after thirty days). Therefore, Gayle had until December 16, 2012 to file his petition. However, he did not file his state court petition until April 9, 2015, more than two years past the expiration of the statute of limitations, and did not file his federal petition until December 14, 2015.

5

Gayle argues that the federal government's September 12, 2014 filing of a notice of removal against him was a new factual predicate under § 2244(d)(1)(D) that reset his statute of limitations because he "was unaware that he faced automatic and mandatory deportation without discretionary relief—the factual predicate of his ineffectiveness claim—until removal proceedings were initiated against him on September 12, 2014." Pet. at 14.

"[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). "[A] factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007)). Vital facts are "those without which the claim would necessarily be dismissed"; that is, facts without which "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.*

"The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). "Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Rivas*, 687 F.3d at 535.

The initiation of deportation proceedings was not a factual predicate to Gayle's ineffective assistance of counsel claim. As soon as he pleaded guilty, he was subject to mandatory deportation. Therefore, this guilty plea, combined with Butler's alleged failure to inform him of its immigration consequences, is the factual predicate to his claim. The formal initiation of deportation proceedings, at most, caused Gayle to learn of the legal consequences of his plea. It was not a predicate fact required to make out his claim.

Other district courts to consider this argument have drawn the same conclusion. *See, e.g.*, *Cineas v. Strange*, 2015 WL 3736030, at \*5-6 (M.D. Ala. June 15, 2015) (factual predicate for petitioner facing deportation "existed when [petitioner] entered his guilty plea"); *Chang-Cruz v. Hendricks*, 2013 WL 5966420, at \*4 (D.N.J. Nov. 7, 2013) (rejecting claim that statute of limitations should reset when petitioner was placed into deportation proceedings); *Pujas v. Pennsylvania*, 2013 WL 4774491, at \*6 (E.D. Pa. Sept. 6, 2013) (predicate fact that petitioner was subject to deportation because of his plea "could have been discovered long before" the initiation of his removal proceedings); *Robles v. Cate*, 2011 WL 4710800, at \*3 (E.D. Cal. Oct. 4, 2011) ("commencement of removal proceedings is just the date petitioner recognized the legal significance" of his plea).

Furthermore, exercise of due diligence would have revealed the potential immigration and deportation consequences of Gayle's plea before he entered it because

his Waiver of Right contained an explicit "Immigration and Deportation Consequences" paragraph. The heading of this paragraph was prominently displayed in bold lettering and, the waiver, signed by both Gayle and Butler, explicitly acknowledges that "I have had a full opportunity to discuss these matters with my attorney and to raise them with the court, and any questions I may have had have been answered to my satisfaction." Pet.'s Waiver at 1. This waiver put Gayle, at minimum, on inquiry notice of the immigration consequences of his plea.

Therefore, the formal initiation of immigration proceedings against Gayle did not constitute a new predicate fact and did not reset § 2254's one-year statute of limitations. Because that statute had expired long before Gayle brought his petition, his petition is time-barred.

### III

Gayle's § 2254 petition is denied. As Gayle has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED**

_/S/ Frederic Block_
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 21, 2018